IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANDREW-ETHAN MACTAGGART, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 9:22-CV-191-MJT-CLS |
| DRITA TONUZI, CHRISTINA D. SULLIVAN, | § § § | |
| *Defendants*. | § § | |

**REPORT AND RECOMMENDATION
OF DISMISSAL FOR LACK OF JURISDICTION**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Civ. R. 72. The undersigned has conducted a *sua sponte* jurisdictional review of Plaintiff's Amended Complaint (doc. #6) and determined that the court lacks jurisdiction to hear Plaintiff's suit. Accordingly, the undersigned recommends that this suit be dismissed.

**I.    Background**

Plaintiff, proceeding *pro se*, filed this action on November 21, 2022. (Doc. #1.) Pursuant to the undersigned's December 6, 2022, Order to Amend Complaint (doc. #3), Plaintiff submitted an Amended Complaint on December 19, 2022 (doc. #6) indicating that Plaintiff is bringing suit against Defendants Drita Tonus, Christina Sullivan, April Stephens, and Dijana Sikman[1] under "5

---

[1] According to Plaintiff's Amended Complaint (doc. #6), Defendants are all officers and/or employees of the United States whose tax authority Plaintiff challenges. Assuming Plaintiff brings this suit under statutes waiving sovereign immunity and granting a private right of action, suits against individual employees are barred. 26 U.S.C. § 7422(c);

U.S.C. 552, 26 U.S.C. § 7214(a), and 15 U.S.C. § 1692. The undersigned issued an Order and Advisory Regarding Service of Process to Plaintiff on January 9, 2023 (doc. #8); however, to date, the court has not received proof of proper service as to any Defendants.[2] During this time, Plaintiff has filed a "Request for Injunction" (doc. #7) seeking "to stop [Defendants] from the summons of books and records regarding Plaintiff via a subpoena to third parties" and a related "Motion to Quash" (doc. #11) seeking "to quash any summonses to third parties." The documents in the record indicate that Plaintiff has an ongoing case in Tax Court.[3]

Plaintiff's Amended Complaint, Motion to Quash, and Request for Injunction are difficult to interpret and include various nonsensical "sovereign citizen" arguments that appear to, in essence, allege that the Internal Revenue Service (IRS) lacks authority to collect taxes from Plaintiff or take action to facilitate the collection of Plaintiff's taxes (such as subpoena for Plaintiff's books and records). Claims based on variations of the "sovereign citizen" legal theory have been dismissed as patently frivolous by a number of federal courts. *See, e.g.*, *United States v. Lopez*, Civ. No. H-19-788, Crim. No. H-08-187, 2019 WL 1426344, at *2 (S.D. Tex. March 29, 2019) (*citing Massey v. United States*, Civ. No. 1:17-190, Crim No. B:14-876-l, 2017 WL 7790110

---

*see also, e.g.*, *Schroeder v. Evangelista*, No. 3:12-cv-00152-LRH-VPC, 2013 WL 129400, at *2 (D. Nev. Jan. 9, 2023). Rather, Plaintiff's suit against Defendants "shall be treated as if the United States had been a party to such suit." 26 U.S.C. § 7422(c).

[2] Plaintiff submitted an Affidavit of Process Server and Proof of Service for Defendants Stephens, Sullivan, and Sikman on February 9, 2023. (Docs. #12-14.) Plaintiff also submitted an Affidavit of Process Server, with no accompanying Proof of Service, for Defendant Tonuzi on February 9, 2023. (Doc. #15.) However, the court is not able to treat these documents as showing that proper service has been effectuated on any Defendant at this time. The Affidavits of Process Server for Defendants Stephens, Sullivan, and Sikman (docs. #12-14) state, "A copy of the legal documents was certified mailed to the subject with [tracking number] to the address of [Defendant's address]. The domestic return receipt has been requested and a subsequent affidavit will be created once received." The court has not yet received any such subsequent affidavit. Thus, the court has no proof that any of those Defendants received and signed the summons and complaint at this time. Additionally, the Affidavit of Process Server for Defendant Tonuzi is missing a Proof of Service document and makes no mention of whether and/or how Defendant Tonuzi received the summons and complaint. Accordingly, the court cannot deem any Defendants as properly served at this time.

[3] Further investigation of various court records revealed that Plaintiff indeed has an ongoing case in Tax Court, Docket No. 7648-22L that was set for trial on February 13, 2023.

(S.D. Tex. Dec. 7, 2017; *Mason v. Anderson*, No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016); *LaVergne v. United States*, No. 18-cv-238, 2018 WL 2760336, at *2 (W.D. La. Mar. 13, 2018), *R&R adopted*, 2018 WL 2747058 (W.D. La. June 7, 2018); *Frye v. Barbour*, No. 2:16-cv-832-FtM-29MRM, 2017 WL 4226531, at *3-4 (M.D. Florida Sept. 22, 2017)); *see also United States v. Austin*, No. 13-194, 2018 WL 6326435, at *2 (W.D. La. Dec. 4, 2018).

## II.     Discussion

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013); *see also, e.g.*, *Energy Mgmt. Servs. LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). If a court lacks subject-matter jurisdiction to hear a claim for relief, the court must dismiss the claim. FED. R. CIV. P. 12(b)(1). Accordingly, the court should always examine, *sua sponte* if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001).

The Tax Anti-Injunction Act (TAIA) provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The purpose of the TAIA is "to permit the United States to assess and collect taxes alleged to be due without judicial intervention." *Trevino v. United States*, No. EP-20-CV-00169-DCG, 2021 WL 3913591, at *6 (W.D. Tex. May 5, 2021) (quoting *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962)) [hereinafter *Trevino II*]. The Fifth Circuit has interpreted the TAIA broadly, applying the TAIA to "activities which are intended to or may culminate in the assessment or collection of taxes," in addition to the actual assessment or collection of taxes. *Id.* (quoting *Linn v. Chivatero*, 714 F.2d 1278, 1282 (5th Cir. 1983)). Here, as discussed *supra* § I, the ultimate relief Plaintiff seeks from this suit is to prevent the IRS from collecting taxes from Plaintiff and

taking related actions to facilitate the collection of Plaintiff's taxes. (Doc. #6 at 9-10.) Thus, the TAIA prohibits the relief Plaintiff seeks.[4] *See id.* (finding the court lacked jurisdiction to hear the plaintiffs' claims where granting the relief plaintiffs requested would have the effect of restraining the tax assessment and collection authority of the IRS). Accordingly, the undersigned finds that this court lacks jurisdiction to consider Plaintiff's claims.[5]

To the extent Plaintiff may be seeking declaratory relief,[6] this court additionally lacks jurisdiction to grant such relief. Although the Declaratory Judgment Act (DJA) allows federal courts to enter declaratory judgments, it explicitly excludes controversies "with respect to Federal Taxes." *Trevino v. United States*, No. EP-CV-00169-PRM-RFC, 2021 WL 517052, at *3 (W.D. Tex. Feb. 11, 2021), *R&R adopted*, *Trevino v. United States*, 2021 WL 3913591 [hereinafter *Trevino I*]; 28 U.S.C. § 2201(a). It is "well settled that a declaratory judgment cannot be issued in a tax case." *Horne v. United States*, 519 F.2d 51, 52 (5th Cir. 1975). Further, the DJA prohibits courts from granting relief that would amount to the court directing the IRS' tax assessment powers. *Trevino I*, 2021 WL 517052, at *3. Thus, the undersigned makes the additional finding that the court lacks jurisdiction to consider Plaintiff's claims on this ground as well.

---

[4] The undersigned notes that, while there is a judicial exception to the TAIA, it does not apply here. *See Trevino II*, 2021 WL 3913591, at *6 ("The Court may enter an injunction . . . if (1) the aggrieved party has no adequate remedy at law and (2) "it is clear that under no circumstances could the [United States] ultimately prevail." . . . Plaintiffs have not raised the issue, which is unsurprising as they are unable to establish prong two."). Here, at minimum, Plaintiff cannot establish the second prong of the judicial exception.

[5] For Plaintiff's clarity, this finding is specific to a federal court's jurisdiction to hear a suit of this nature. This court, as a federal district court, lacks jurisdiction to hear Plaintiff's suit because Plaintiff is seeking injunctive relief that (if granted) would restrain the IRS from exercising its tax assessment and collection authority in violation of the TAIA, and the judicial exception discussed *supra* note 4 does not apply.

[6] For example, the following requests for relief could be construed as declaratory relief: "Plaintiff seeks to have the defendants respect Plaintiff's testimony, self-assessment(s) and rebuttal(s) of erroneous information returns, and have all stolen property returned. Additionally, have all unsubstantiated penalties removed and all notices of deficiency and all notices of determination and all notices of federal tax liens abated and or removed." (Doc. #6 at 10.)

### III. Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's claims be dismissed *sua sponte* for lack of jurisdiction.

### IV. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 17th day of February, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE