IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANDREW-ETHAN MACTAGGART, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 9:22-CV-191-MJT-CLS |
| DRITA TONUZI, CHRISTINA D. SULLIVAN, APRIL M. STEPHENS, and DIJANA SIKMAN *Defendants*. | § § § § § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING THE REPORT
AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the Court referred this proceeding to the Honorable Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72. On February 17, 2023, Judge Stetson issued a Report and Recommendation [Dkt. 17] in which she recommended that Plaintiff's claims be dismissed *sua sponte* for lack of jurisdiction. Plaintiff, proceeding *pro se*, filed timely objections [Dkt. 22] to the Report and Recommendation on March 6, 2023.

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous,

conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

The Court has reviewed Plaintiff's objections and find they are frivolous and without merit. Much like his other pleadings [Dkts. #1, 6, 7, 11], Plaintiff's objections are difficult to interpret, advance no legitimate arguments, and include various nonsensical "sovereign citizen" arguments (as Judge Stetson noted in the Report). The Court need not consider frivolous objections. *Nettles*, 677 F.2d at 410 n.8.

Plaintiff's only discernible argument in his objections is that the Report misconstrues his claim. The Report recommended dismissal for lack of jurisdiction because "the ultimate relief Plaintiff seeks from this suit is to prevent the IRS from collecting taxes from Plaintiff and taking related actions to facilitate the collection of Plaintiff's taxes," which is prohibited by the Tax Anti-Injunction Act and the Declaratory Judgment Act. [Dkt. 17 at 3-4]. Plaintiff argues in his objections that he "is not trying to prevent or restrain the tax assessment and collection authority of the IRS," but, rather, he is "bringing this case because the individuals in this case are either ignorant of the limitations of their authority or worse know those limitations imposed by the Secretary and choose to ignore those limitations." [Dkt. 22 at 203]. In Plaintiff's own words, however, Plaintiff's claim is that the IRS (acting through the IRS agents and employees Plaintiff has named as Defendants[1]) lacks the authority to collect taxes from Plaintiff and take actions to facilitate the collection of Plaintiff's taxes, such as issue subpoenas and summons for books and

---

[1] As explained in the Report [Dkt. 17 at n.1] the Defendants named in Plaintiff's Amended Complaint [Dkt. 6] are officers and/or employees of the United States whose authority Plaintiff challenges. Thus, assuming Plaintiff had brought suit under statutes waiving sovereign immunity and granting a private right of action, suits against individual employees would be barred, and Plaintiff's suit against Defendants would be treated as if the United States had been a party to the suit. 26 U.S.C. § 7422(c); *see also, e.g., Schroeder v. Evangelista*, No. 3:12-cv-00152-LRH-VPC, 2013 WL 129400, at *2 (D. Nev. Jan. 9, 2023).

records.  By asking the Court to find that the IRS lacks such authority, Plaintiff's suit indeed seeks to prevent the IRS from collecting taxes from Plaintiff and taking related actions to facilitate the collection of his taxes.  Thus, the Report correctly construed Plaintiff's claim and correctly found that the Court lacks jurisdiction to hear this suit.  This objection is without merit and is overruled.

The Court has received and considered the Report and Recommendation of the United States Magistrate Judge, along with the record, pleadings, and all available evidence.  After careful review, the Court finds that the findings of fact and conclusions of law of the United States Magistrate Judge are correct.  Accordingly, the Report and Recommendation of the United States Magistrate Judge [Dkt. 17] is ADOPTED.  Plaintiff's objections [Dkt. 22] are OVERRULED.  It is ORDERED that Plaintiff's claims be DISMISSED *sua sponte* for lack of jurisdiction.

**SIGNED this 27th day of March, 2023.**

Michael J. Truncale
United States District Judge